**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| David L. Streeter,　　　　　　　：<br>　　　　　　　　　　　　　　　：<br>　　　　　Plaintiff,　　　　　　：<br>　　　　　　　　　　　　　　　：<br>　　　　　v.　　　　　　　　　：　　Civil Action No. 11-3419 (SRC)(MAS)<br>　　　　　　　　　　　　　　　：<br>Credit Collection Service,　　　　：<br>　　　　　　　　　　　　　　　：<br>　　　　　Defendant.　　　　　　：<br>　　　　　　　　　　　　　　　： | |

SHIPP, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

   This matter came before the Court by way of an Order to Show Cause as to why the Undersigned should not recommend that Plaintiff David L. Streeter ("Plaintiff") be dismissed from the case for failure to comply with multiple Court Orders, failure to appear for multiple Rule 16 Conferences, and failure to prosecute the present matter. This Report and Recommendation ("R&R") is issued pursuant to the Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, the Undersigned respectfully recommends that the District Court dismiss the present matter.

**I.**  **Background**

   On June 14, 2011, Defendant Credit Collection Service ("Defendant") filed a Notice of Removal from the New Jersey Superior Court, Special Civil Part, Essex County. (Docket Entry Number ("Doc. No.") 1.) On June 27, 2011, Defendant filed an Answer with Affirmative Defenses (Doc. No. 4). Defendant filed a "Joint" Discovery Plan ("JDP") on November 9, 2011

1

(Doc. No. 7); however, Plaintiff failed to complete his portion of the JDP. A Rule 16 Conference was scheduled for November 16, 2011 (Doc. No. 6); Plaintiff failed to appear for the Conference. Thereafter, on November 18, 2011, this Court issued an Order allowing Defendant to file a Motion for Fees and Costs associated with Plaintiff's failure to attend the Rule 16 Conference pursuant to Federal Rules of Civil Procedure 16(f)(1)(A) and 16(f)(2). (Doc. No. 8.) On November 28, 2011, Defendant filed a Motion for Attorney Fees and Costs. (Doc. No. 9.)

A second Rule 16 Conference was scheduled for January 25, 2012; however, Plaintiff again failed to appear. Additionally, Plaintiff failed to file Opposition to the Motion for Attorney Fees and Costs. Thereafter, this Court scheduled an Order to Show Cause Hearing ("Hearing") for February 7, 2012, requiring Plaintiff to explain to this Court his failure to comply with multiple scheduling orders and his failure to prosecute the present matter. (Doc. No. 11.) Plaintiff failed to submit a letter to this Court by February 3, 2012, as required by this Court, and failed to appear at the Hearing. During the Hearing, this Court also addressed Defendant's Motion for Attorney Fees and Costs, and awarded Defendant $1,395.00 in counsel fees as a partial reimbursement of the fees and costs associated with attending the November 16, 2011 Rule 16 Conference. (Doc. No. 13.)

## II. Discussion

The inherent power vested in the courts to manage their own affairs expeditiously allows a court to dismiss a cause of action if a party fails to obey orders issued by the Court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-32 (1962). Specifically, pursuant to Federal Rule of Civil Procedure 16(f)(1) and 37(b)(2)(A)(v), a party's failure to obey a scheduling order or other pretrial order permits the Court to "dismiss[] the action or proceeding in whole or in part[.]" To determine whether a sanction of dismissal is appropriate, the court in *Poulis v. State Farm Fire*

*& Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), identified six factors that the court must consider: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary;" (3) whether there has been a history of dilatoriness; (4) whether the party or attorney's conduct was made in bad faith or willful; (5) the effectiveness of alternative sanctions; "and (6) the meritoriousness of the claim or defense." *Id.* at 868. No particular *Poulis* factor is controlling; the factors must be balanced by the court to determine if a dismissal is appropriate, and dismissal can be granted even when some of the factors are not met. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988)) ("While 'prejudice' for the purpose of the analysis" to dismiss "under Fed. R. Civ. P. 37(b)(2)(B) does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively" a "complete trial strategy is sufficiently prejudicial.").

Consideration of the relevant factors leads this Court to conclude that dismissal of Plaintiff's Complaint is warranted for his failure to comply with multiple Court Orders, his failure to appear for multiple Rule 16 Conferences, and his failure to prosecute the present matter. Specifically, Plaintiff has failed to communicate with this Court in any way since the matter was removed to Federal Court on June 14, 2011. Further, Plaintiff failed to attend Rule 16 Conferences on November 16, 2011 and on January 25, 2012. Plaintiff has continued to be unresponsive, and is solely responsible for the failures that have caused Defendant prejudice in litigating the present matter. In particular, in Defendant's Motion for Fees and Costs, counsel certifies that "Plaintiff's actions in failing to participate in the litigation of this matter have resulted in extra costs and delays to [Credit Collection Service]." (Doc. No. 9.) Further, counsel certifies that "Plaintiff has shown a history of dilatoriness," "failed to complete the settlement of

this matter, failed to return telephone calls and correspondence" and "failed to appear for the Fed.R.Civ.P. [sic] 16 conference for this matter." (*Id.*) The docket entries and Orders issued in this matter clearly evidence a history of dilatory behavior on the part of Plaintiff.

In this matter, the Undersigned has no reason to believe that any alternative sanctions are appropriate. Plaintiff failed to appear for multiple Rule 16 Conferences, failed to appear for a Show Cause Hearing, and failed to submit any documents to the Court to account for his behavior. There is nothing in the record which convinces the Court that Plaintiff intends to rectify his actions or otherwise prosecute this case going forward. Plaintiff's conduct was willful, and it is impossible for the Court to manage a case that Plaintiff refuses to prosecute. Therefore, the Undersigned recommends that the Court dismiss Plaintiff's Complaint.

### III. Conclusion

Based on the foregoing reasons, and for good cause shown, the Undersigned respectfully recommends that this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

_____
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: May 4, 2012